THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES M. BOLDWAY, Appellant.

County Court, Montgomery County, April 23, 1925.

Crimes — violation of Highway Law, § 284, subd. 5, prohibiting operation of demonstration automobile for pleasure purposes — defendant, employee of motor vehicle dealer of Albany, was sent to Dolgeville to demonstrate automobile and was told to load it to capacity — defendant took his family with him — defendant is not guilty.

The defendant, an employee of an automobile dealer of the city of Albany, was not guilty of operating an automobile with demonstration license plates thereon for pleasure purposes in violation of subdivision 5 of section 284 of the Highway Law, since it appears that he was commanded by his employer to take the

demonstration automobile to Dolgeville for the purpose of demonstrating it to a prospective purchaser and was told by his employer to load the automobile to capacity for demonstration purposes, and in carrying out his instructions took with him to Dolgeville members of his family, and on his return was arrested for violating the Highway Law.

APPEAL by defendant from a judgment of conviction rendered against him for violating subdivision 5 of section 284 of the Highway Law regulating the use of dealer's number plates or demonstration plates on automobiles.

*Chandler S. Knight,* for the appellant.

*Newton J. Herrick, District Attorney,* for the People.

BUTLER, J.:

Defendant was found guilty of a violation of subdivision 5 of section 284 of the Highway Law after a trial before a justice of the peace in the town of Palatine, Montgomery county.

The facts as they appear in the return of the justice are briefly these: The defendant was employed by the Minor Motor Company of Albany, N. Y., a dealer in automobiles, and made a specialty of the Auburn car. Several days before the 15th of June, 1924, the day defendant was arrested for this violation of the Highway Law, Mr. Minor, one of the company, requested defendant to take an Auburn car to Dolgeville the following Sunday and demonstrate it to a prospective purchaser, and load the car to capacity for demonstration purposes. Accordingly, defendant went to Dolgeville on the following Sunday and took with him in the car several members of his family. On his return from Dolgeville to Albany he was handed a summons by the complainant, a State trooper, while passing through the town of Palatine, to appear before a justice of the peace in the town of Palatine. Upon his appearance before the justice an information was sworn to and filed with the justice charging defendant with the violation of said subdivision 5 of section 284 of the Highway Law, in that he was operating an automobile belonging to the Minor Motor Company of Albany for pleasure purposes with demonstration plates attached.

It appeared upon the trial, both by the testimony of the defendant and by the testimony of Mr. Minor of the Minor Motor Company, that the defendant had actually gone to Dolgeville for the purpose of demonstrating this car to a prospect residing at Dolgeville. There is nowhere in the return any testimony which tends to contradict this evidence given by defendant. Defendant was convicted and fined ten dollars for the violation of said subdivision 5 of section 284 of the Highway Law.

52

I do not believe that the Legislature ever intended that any such narrow construction should be put on section 284. The employer of defendant was the owner of the car, defendant was a regularly licensed chauffeur, had his own immediate family with him and was not using the car for hire. Nowhere in the law do I find any statement to the effect that no one outside of the driver and owner may not ride in a car bearing demonstration plates.

The decision of the justice in this case was clerly against the weight of the evidence; the defendant was entitled to the benefit of the doubt. Numerous other questions are raised by the appellant of a rather technical nature which it is unnecessary to determine here.

For the reasons above stated, the conviction of the defendant must be set aside and the fine remitted.

Judgment is reversed and the fine remitted.